UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ASHER ADKINS                        )
                                    )
            Petitioner,             )
                                    )
        v.                          )        Case No. 1:93-CR-27
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )

## OPINION AND ORDER

Before the court is a "Motion to Withdraw as Court Appointed Counsel" filed by the Federal Community Defenders on September 28, 2015 [DE 251] as well as Asher Adkins's ("Adkins's") "Pro Se Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. §3582(c)(2)," [DE 253] filed on October 19, 2015. The Government responded to Adkins's motion on October 20, 2015. For the following reason, the Motion to Withdraw as Court Appointed Counsel will be GRANTED. The Motion to Reduce Sentence will be DENIED.

On March 16, 2015, the Northern District of Indiana Federal Community Defenders, Inc, filed an appearance on behalf of Adkins. After review of Adkins's case, the Federal Community Defender submitted a Notice to the Court [DE 250] informing the Court that Adkins is not eligible for a sentencing reduction under Amendment 782 since his amended guidelines range, as recalculated pursuant to Amendment 782 does not change. Counsel further represented that a formal motion under 18 U.S.C. §3582(c) would be improper and would not be forthcoming. On this basis counsel moved to withdraw. [DE 251].

On September 29, 2015, the United States Probation Office filed with the Court its "Sentencing Reduction Addendum" [DE 140] which further confirms Adkins's ineligibility for the

reduction under Amendment 782. Thereafter, Adkins filed his present motion wherein he asserts

his guidelines range should be reduced two levels and seeks to be sentenced at the low end of the

applicable guidelines range.

Title 18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentence range that has subsequently been lowered by the sentencing
> commission pursuant to 28 USC 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court, may reduce the
> term of imprisonment after considering the factors set forth in section 3553(a) to
> the extent that they are applicable if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Federal Sentencing Guidelines Manual states that '[i]n determining whether

a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. §

3582(c)(2), the court should consider the sentence that it would have originally imposed had the

guidelines, as amended been in effect at that time.' In Amendment 782 to the United States

Sentencing Guidelines, the Sentencing Commission lowered the penalties for most drug offenses

by reducing most offense levels on the § 2D1.1 Drug Quantity Table by 2 levels. In Amendment

788, the Commission decreed that Amendment 782 may be applied retroactively to lower the

sentences of previously sentenced inmates.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process

for application of a retroactive guideline amendment. The Court required district courts to follow

a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions
> in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and
> the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the
> court to begin by 'determin[ing] the amended guideline range that would have been
> applicable to the defendant ' had the relevant amendment been in effect at the time
> of the initial sentencing. 'In making such determination, the court shall substitute

only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'

...

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.* at 827.

Following the above methodology, the Government argues that Adkins cannot demonstrate step 1, that is, that he is eligible for a reduction under Amendment 782 and thus, his motion fails on that basis. This Court agrees.

Adkins was originally convicted of nine counts, seven of which related to distributing, trafficking, aiding and abetting, or conspiring to distribute methamphetamine. Counts 3 and 4 involved the use of carrying of a firearm or aiding and abetting the use or carrying of a firearm in relation to a drug trafficking crime. On January 3, 2000 Adkins was sentenced to 624 months -- 324 months for Counts 1, 2, 5, and 8, and 240 months to be served concurrently in Counts 6-9 for the drug counts; with respect to the gun counts which carried mandatory minimum sentences, Adkins received 60 months (5 years) on Count 3 and 240 months (20 years) on Count 4 to run consecutive to the drug sentences. This sentence was based upon the United States Sentencing Guidelines for controlled substances in effect at the time of sentencing and was calculated based upon the weight of the controlled substances involved in the offense, here a whopping 15.42 kg of methamphetamine (PSR ¶47). Adkins's total offense level was 41, calculated using a base offense level of 36 with three levels added for his role in the offense and two additional levels for obstruction of justice. His criminal history category was I, and his guideline range was 324-405

months.  As noted the court sentenced Adkins to 324 months for the drug counts, the low end of the applicable guideline range on the drug counts.

Unfortunately for Adkins, Amendment 782, which he invokes, does not change his original guideline range.  The base offense level for the amount of drugs involved in the offense has remained at a level 36 (which covers quantities between 15 and 45 kgs of methamphetamine).  As a result application of §1B1.10 and the revised 2014 guidelines, Adkins total offense level remains 41 and the advisory guidelines range remains 324-405 months.  His current sentence is at the low end of that guideline range.  Thus, Adkins is unable to demonstrate that he has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required for relief under 18 U.S.C. §3582.  Accordingly, this court is without jurisdiction to modify his sentence and his Motion to Modify or Reduce sentence is DENIED.

## **CONCLUSION**

On the basis of the foregoing, the Federal Community Defenders' Motion to Withdraw is GRANTED.  Adkins's Motion to Modify or Reduce Sentence is DENIED.

Entered.  This 30th  day of November, 2015.

s/ William C. Lee
United States District Court
